IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALICIA BARTLETT,

        Plaintiff,

   v.

AETNA LIFE INSURANCE COMPANY,
ZENITH AMERICAN SOLUTIONS, INC.,
And NECA LOCAL 313 IBEW HEALTH &
WELFARE FUND,

        Defendants.

Civil Action 1:23-cv-00660-CFC

## AMENDED COMPLAINT[1]

### PARTIES

1. Plaintiff is a resident of New Castle County, Delaware.

2. At all times relevant hereto, Plaintiff has been a beneficiary, as defined by ERISA §3(8), 29 U.S.C. § 1002(8), under a healthcare and welfare plan by NECA Local 313 IBEW Health & Welfare Fund.

3. Upon information and belief, Defendant NECA Local 313 IBEW Health & Welfare Fund (hereinafter "Defendant the Fund") is an employee welfare benefit plan as defined in the Employment Retirement Income Security Act of 1974 ("ERISA") §3(1), 29 U.S.C. § 1002(1). At

---

[1] Plaintiff initially filed suit against Defendants Aetna Life Insurance Company and Zenith American Solutions, Inc. on April 6, 2023 in Delaware Superior Court in New Castle County, C.A. No. N23-C-04-060 CEB. Defendants subsequently removed the state court action to District Court of Delaware on June 15, 2023. On July 13, 2023, Judge Connolly granted parties' joint stipulation to stay the case pending internal administrative appeal decision. Parties then submitted a joint status update on August 29, 2023, proposing new deadlines of October 16, 2023 for Plaintiff to file Amended Complaint with Responsive Pleadings due on November 13, 2023. These proposed new dates were granted by Judge Connolley on August 30, 2023. This is Plaintiff's Amended Complaint and it adds a new defendant, NECA Local 313 IBEW Health & Welfare Fund.

all times relevant hereto, the Fund offers healthcare and medical benefits to its participants and beneficiaries.

4. Upon information and belief, Defendant Aetna Life Insurance Company (hereinafter "Defendant Aetna") is a foreign corporation licensed to conduct insurance business in the State of Delaware.

5. Upon information and belief, Defendant Zenith American Solutions, Inc. (hereinafter "Defendant Zenith") is a foreign corporation whose registered agent is Corporation Creations Network Inc., 3411 Silverside Road, Tatnall Building, Suite 104, Wilmington, Delaware 19810.

## FACTS

6. On or about February 7, 2019, Plaintiff was injured in a chain reaction motor vehicle collision on Old Capitol Trail in Newark, Delaware.

5. As a direct and proximate result of the February 7, 2019 motor vehicle collision, Plaintiff sustained physical injuries requiring medical treatment, specifically but not limited to lumbar spine requiring injections and potential surgery.

6. As a result of her medical treatment for injuries sustained in the accident, Plaintiff's medical bills exceeded her no-fault coverage.

7. At the time of the February 7, 2019 motor vehicle collision, Plaintiff was insured by Defendant Aetna, Issuer (80840) 9140860054 Choice POS II; GRP: 863846-010-00001; ID W2293-07922.

8. Pursuant to the aforementioned healthcare plan with Defendants the Fund and/or Aetna and/or Zenith, upon exhaustion of her no-fault coverage, Plaintiff submitted medical bills to the Defendants. Defendants paid the bills and asserted a lien in the amount of $2,036.94.

9. Plaintiff requested a 2/3 pro rata reduction of the Lien. On October 28, 2022, the Fund responded with a letter denying the request, asking for subrogation payment in the full amount of $2,036.94 be made payable to "NECA Local 313 IBEW Healthcare & Welfare Fund." The letter was signed by "Scott A. Ernsberger, Fund Manager/ Zenith American Solutions."

10. Upon settlement disbursement of Plaintiff's bodily injury claim against the tortfeasor of the motor vehicle collision, Plaintiff satisfied the lien in full by way of a check made payable to "NECA Local 313 IBEW Healthcare & Welfare Fund" (check #21037) on November 4, 2022.

10. Upon consummation of Plaintiff's bodily injury claim, Plaintiff presented an underinsured motorist claim to her automobile insurer at the time of the accident, State Farm. That claim is pending arbitration.

11. Upon resolution of Plaintiff's bodily injury claim, the payment of Defendant Aetna's lien and the pending underinsured motorist claim, Plaintiff has continued to treat for injuries as a result of the February 7, 2019 motor vehicle collision.

12. Plaintiff has presented her medical bills for ongoing accident-related to treatment to Defendants for payment. Defendants have refused to process and pay Plaintiff's ongoing medical bills. The bills at issue were incurred subsequent to the satisfaction of the subrogation lien.

13. According to the Explanation of Benefits, Plaintiff's bills were denied because "your subrogation claim has settled and no further benefits are payable."

14. On April 14, 2023, Plaintiff, on her own, wrote a Letter of Appeal to the "Claims Department" referencing the subrogation lien satisfaction and disputing the above-referenced denial of payments for medical bills incurred.

15. On July 31, 2023, the Board of Trustee of the NECA Local 313 IBEW Healthcare & Welfare Fund reviewed and denied Plaintiff's appeal. The denial letter stated that "Since Plan subrogation provisions include benefits that are 'payable by the Plan,' your appeal is for benefits that should have been included in the subrogation lien or provided for by the other party liability settlement paid by State Farm in the amount of $25,000. Since you have already received settlement payment to cover the claims for which you are appealing, your appeal has been denied accordingly. Enclosed for your reference, please find the Plan's Summary Plan Description that includes a description of the Plan's subrogation provisions on pages 61 and 62." The denial letter also states that it represents a final determination and further instructs that suit may be filed in federal court under Section 502(a) of ERISA, 29 U.S.C. §1132(a).

16. Again, this letter was issued by "Scott A. Ernsberger, Fund Manager/Zenith American Solutions."

17. In addition to the several outstanding charges incurred post-lien satisfaction, Plaintiff continues to incur medical expenses that threaten her credit rating and the denial of medical benefits jeopardizes her ability to receive ongoing medically necessary treatment.

18. Upon reviewing pages 61& 62 of the Summary Plan Description as cited in the denial letter, no basis exists that supports the Fund's denial of payments on the at-issue medical bills or future medical bills incurred as a result of the collision subsequent to the satisfaction of the prior subrogation lien.

19. Plaintiff's initial state court lawsuit named only Defendants Aetna and Zenith with the understanding and impression that the healthcare plan involved was an Aetna Plan (also per Plaintiff's insurance card) and Defendant Zenith was the third-party administrator for Defendant Aetna. Defendants later conveyed to Plaintiff that both Aetna and Zenith were third party

administrators who were not involved in decision making and the Plan itself makes decisions. Plaintiff therefore now adds Defendant the Fund as an additional defendant.

20. The exact nature of the relationships amongst the Defendants in terms of making payments, decisions, or appeals process is unclear to the Plaintiff.

## CLAIM FOR RELIEF

21. Plaintiff incorporates Paragraphs 1 through 20 as though fully set forth herein.

22. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan beneficiary to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan, and/or to clarify her rights to future benefits under the terms of a plan.

23. Plaintiff is entitled to receive healthcare and medical benefits under the Fund.

24. The actions of Defendants, jointly and severally, are a willful, reckless and bad faith breach of their insurance contract with Plaintiff and Plaintiff has been harmed as a result.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that the Court grants the following relief:

(a) Declare that the Defendants, jointly and severally, have violated the terms of the Fund by failing to pay medical bills incurred by the Plaintiff from November 4, 2022 and ongoing;

(b) Declare that the Defendants, jointly and severally, have violated the terms of the Fund by declaring no further benefits are payable resulting in Plaintiff's inability to continue to receive reasonable and necessary medical treatment;

(c) Order Defendants, jointly and severally, to pay all outstanding medical bills incurred as a result of the motor vehicle collision after satisfaction of the subrogation lien;

(d) Declare Plaintiff the right to received benefits for future reasonable and necessary medical treatment as a result of the motor vehicle collision;

(e) Award Plaintiff reasonable attorney's fees and costs of the suits incurred here and pursuant the ERISA §502, 29 U.S.C. §1132(g);

(f) Award any other and further relief this Court deems equitable and just.

**BIFFERATO GENTILOTTI LLC**

*/s/ ___Vincent A. Bifferato, Jr._____*
Vincent A. Bifferato, Jr. (Del. ID#2465)
Ran Ji (Del. ID#6045)
4250 Lancaster Pike, Suite 130
Wilmington, DE 19805
Telephone No.: (302) 429-1900
Facsimile No.:  (302) 999-9024
**Attorneys for Plaintiff**

Date:  October 5, 2023